United States District Court
Southern District of Texas
**ENTERED**
January 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATSY VIVARES, et. al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. H-24-3654 |
| § | |
| FERNANDO VALLADARES, et. al., § | |
| § | |
| Defendants. § | |

### ORDER

Pending before the Court is Third-Party Plaintiff's Motion to Remand and Motion for Sanctions (Document No. 17). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

### I. BACKGROUND

This case concerns an ownership dispute between the past and present managers and owners of the Houston-based restaurant Trill Burgers. On August 23, 2023, original plaintiff Trill Burgers LLC ("Trill Burgers") filed suit in the Harris County District Court for the 189th Judicial District, bringing claims for theft, fraud, breach of fiduciary duty, and declaratory relief against original defendants and third-party plaintiffs in this matter, Patsy Vivares and Benson Vivares ("the Vivareses")

to recover $45,000.00 of stolen funds the Vivareses allegedly misappropriated from the company in early 2022. On January 5, 2024, the Vivareses, acting in their capacity as members of Trill Burgers, filed third-party derivative claims on behalf of Trill Burgers against other members of the company, alleging, *inter alia*, breaches of fiduciary duty, fraud, and other misconduct detrimental to Trill Burgers. On May 1, 2024, the Vivareses filed their second amended third-party petition, joining third-party defendants Fernando Valladares ("Valladares"), Trill Burgers 3607, LLC, and others. On June 24, 2024, the Vivareses filed their third amended third-party petition in state court. On September 26, 2024, Valladares removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. On October 24, 2024, the Vivareses moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491

F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

## III. LAW & ANALYSIS

The Vivareses move to remand this case to state court, contending that: (1) Valladares, as a third-party defendant, is unable to remove the case to this Court; and (2) the removal was untimely. The Vivareses also ask the Court for sanctions, arguing that the removal was "a clear abuse of the removal process designed to delay

the state court proceedings."[1] The Court will first consider the Vivareses' remand related arguments.

*A. Motion to Remand*

The Vivareses contend that the removal statute, 28 U.S.C. § 1441(a) allows only an original defendant to a state court proceeding to remove a case to federal court. The Supreme Court has made clear that § 1441(a) "does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by [a] counterclaim." *Home Depot U.S., Inc. v. Jackson*, 587 U.S. 435, 441 (2019).

Here, it is undisputed that the original defendants named in the original petition of the state court action were the Vivareses. The Vivareses contend that the removing party, Valladares, is a third-party defendant not among the parties permitted to remove a case under § 1441(a) based on the Supreme Court's guidance. Valladares argues that he is not a third-party defendant, but rather, is a defendant to new and independent claims brought by the Vivareses in their amended state court petitions. In response, the Vivareses contend that their derivative claims brought in this case are not separate and independent from the main claims asserted by the original plaintiff Trill Burgers. The Vivareses further contend that their claims are

---

[1] *Third-Party Plaintiffs' Motion to Remand*, Document No. 17 at 15.

4

in all actuality, counterclaims, arising out of the same nucleus of operative facts as the original action by Trill Burgers. Based on the Supreme Court's clear guidance in *Home Depot* that parties brought into the lawsuit for the first time by a counterclaim are not permitted to remove the case to federal court under section 1441(a), the Court finds that removal in the present matter was improper.[2] Accordingly, the Vivareses' motion to remand this action to the Harris County District Court for the 189th Judicial District is granted. The Court will now consider the Vivareses' motion for sanctions.

*B. Motion for Sanctions*

The Vivareses move for sanctions pursuant to 28 U.S.C. § 1447(c), which allows the Court to require payment of "just costs and any actual expenses, including attorney fees," incurred as a result of improper removal. The Supreme Court has made clear that § 1447(c) authorizes "courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

---

[2] Considering the Court's finding that the Supreme Court's decision in *Home Depot*, bars Valladares from removing the case as a third-party defendant, the Court declines to consider the Vivareses' timeliness arguments.

The Vivareses move for sanctions against the removing party Valladares, contending that the removal was "nothing more than a last-ditch attempt to stall proceedings and delay ... inevitable unfavorable rulings" in state court.[3] The Vivareses further contend that the removal was executed in bad faith, and was the result of a coordinated effort by defendants to evade state court and appellate deadlines. Valladares contend sanctions are not warranted in the present matter because they had an objectively reasonable basis for seeking removal based on a good faith reading of the Supreme Court's decision in *Home Depot*, the basis of the parties' arguments on the remand matter. Valladares also contends that the Vivareses have failed to establish the "pattern of bad faith procedural maneuvers"[4] they accuse Valladares of, noting for the Court that their removal was the first and only procedural maneuver Valladares has made in this case. Based on the parties' representations to the Court, the Court finds that a parties' good faith reading of *Home Depot* could lead to good faith disagreement about whether Valladares had an objectively reasonable basis for removal. Based on the foregoing, the Court finds that the Vivareses' motion for sanctions should be denied.

## IV. CONCLUSION

Accordingly, the Court hereby

---

[3] *Third-Party Plaintiff's Motion to Remand*, Document No. 17 at 14–15.

[4] *Third-Party Plaintiff's Motion to Remand*, Document No. 17 at 14.

**ORDERS** that Third-Party Plaintiff's Motion to Remand and Motion for Sanctions (Document No. 17) is **GRANTED IN PART,** only with respect to the Vivareses motion to remand. This case is hereby **REMANDED** to the 189th Harris County Judicial District Court. The Court further

**ORDERS** that Third-Party Plaintiff's Motion to Remand and Motion for Sanctions (Document No. 17) is **DENIED IN PART**, only with respect to the Vivareses motion for sanctions.

SIGNED at Houston, Texas, on this __17__ day of January, 2025.

DAVID HITTNER
United States District Judge